

# IN THE COURT OF CRIMINAL APPEALS OF TEXAS

## NO. WR-55,161-02

### EX PARTE ERIC DEWAYNE CATHEY, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS IN CAUSE NO. 713189-B FROM THE 176TH DISTRICT COURT OF HARRIS COUNTY

**PRICE, J., filed a concurring opinion.**

### CONCURRING OPINION

I join Parts I and IIA of the Court's opinion today and otherwise concur in the result.

I do not join Part IIB. For present purposes, suffice it to say that I continue to disagree with

the Court's decidedly non-diagnostic approach to evaluating the adaptive-deficits prong of

the standard for determining intellectual disability *vel non*.[1] Particularly after the recent

---

[1] *See* Peggy M. Tobolowsky, *Different Path Taken: Texas Capital Offenders' Post-*Atkins *Claims of Mental Retardation*, 39 HASTINGS CONST. L.Q. 1, 123-25, 163-66 (Fall 2011) (discussing and quoting extensively from my unpublished dissenting opinion in *Lizcano v. State*, No. AP-75,879, 2010 WL 1817772 (Tex. Crim. App. delivered May 5, 2010) (not designated for publication)).

opinion of the United States Supreme Court in *Hall v. Florida*,[2] I should think that the writing is on the wall for the future viability of *Ex parte Briseno*.[3]

FILED:      November 5, 2014
PUBLISH

---

[2] 134 S.Ct. 1986 (2014). *Hall* found Florida's approach to determining the first prong of the standard for intellectual disability, the significantly-subaverage-general-intellectual-functioning prong, to be unconstitutionally narrow. In my view, Texas's approach to determining the second prong, the adaptive-deficits prong, is unconstitutionally *over*-inclusive—insufficiently tied to the clinical diagnostic criteria and all too open to non-scientific, impressionistic considerations to withstand Eighth Amendment scrutiny. Tobolowsky, 39 HAST. CONST. L.Q. at 163-66 (citing and quoting from *Lizcano v. State*, 2010 WL 1817772, at *32-40 (Price, J., dissenting)).

[3] 135 S.W.3d 1 (Tex. Crim. App. 2004). *See* Tobolowsky, 39 HAST. CONST. L.Q. at 173 ("[T]he *Briseno* factors remain a leading candidate for [Supreme] Court scrutiny.").